IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DARLINDA STEVENS-GIBSON ) | |
| ) | |
| Plaintiff, ) | No. 1:06-1045 (HHK) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1996, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against her.

QUESTIONS PRESENTED

Plaintiff, Darlinda Stevens-Gibson, seeks a refund of federal taxes, an injunction against further tax collection, and damages for alleged "wrongful collection" of federal taxes from plaintiff and declaratory relief. Plaintiff has failed to allege that she filed a claim for refund or fully paid the taxes she seeks to have refunded, or claims for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for refund of federal taxes, for damages, for declarative relief, and for injunctive relief against federal tax collection under these circumstances?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff filed this complaint on June 5, 2006.  The complaint alleges that in connection with the collection of federal tax "beginning with 'tax year' 1996," agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶¶ 1, 16.)<u>1</u>/

2. <u>Relief sought in the complaint</u>.  The complaint seeks four types of relief.  First, plaintiff seeks a "[d]etermination that the defendant's principals, officers, agents, and/or employees . . . willfully, recklessly, intentionally or by reasons of negligence, disregarded any provision of Title 26 United States code."  (Compl. ¶ 29.)  Second, plaintiff seeks damages under section 7433.  (Compl. ¶ 30A.)  Third, she seeks "replevin of any and all property taken" from her.  (Compl. ¶ 30B.)  Last, plaintiff seeks an injunction against the "reprehensible, egregious, and vexatious behavior of the defendants' principals, officers, agents, and/or employees."  (Compl. ¶ 30C.)

---

<u>1</u>/  Plaintiff's case is one of approximately 90 known cases filed in this Court with similar complaints.

ARGUMENT

I

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF

*Plaintiff's Request for a Finding That the Internal Revenue Service Violated Provisions of the Internal Revenue Code and Implementing Regulations Thereunder Is Barred by the Tax Exception to the Declaratory Judgment Act.*

Plaintiff seeks a finding that the IRS violated various provisions of the Internal Revenue Code and implementing regulations thereunder. (Compl. at 29.)  This Court is barred from granting such relief under 28 U.S.C. § 2201.  Section 2201 provides that:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Id. (emphasis added).  By the plain language of the statute, a court lacks jurisdiction to declare the rights of any parties with respect to federal taxes.  See Investment Annuity, Inc. v. Blumenthal, 609 F.2d 1, 4 (D.D.C. 1979)  Plaintiff here is requesting the Court to determine that the IRS violated various provisions in the Code and implementing regulations thereunder.  Such relief is specifically prohibited by 28 U.S.C. § 2201.  Thus, this Court lacks jurisdiction to grant plaintiff the declaratory relief she seeks.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING HER SUIT

A.  *This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Refund Claims*

1. <u>Plaintiff Has Not Alleged That She Filed a Claim for Refund</u>. Plaintiff seeks "replevin of any and all property taken from [her]" (Compl. ¶ 30B.) The United States construes this as a claim for refund of taxes. This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that she has either filed a claim for refund or fully paid the federal taxes for which she seeks a refund. Both are necessary to waive the United States' sovereign immunity. *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiff has the burden to show that sovereign immunity has been waived. *See, e.g., Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Plaintiff does not allege or claim that she filed a claim for refund;

accordingly, this Court lacks jurisdiction over her tax refund claims. *Dalm*, 494 U.S. at 601-02.

    2. <u>Plaintiff Has Not Alleged That She Fully Paid Her Tax Liabilities</u>. On the contrary, she seeks an injunction to prevent the Internal Revenue Service from collecting the taxes due. (*See* Compl. ¶30C.) This request, in itself, implies that plaintiff has not fully paid the taxes she seeks to recover—an implication fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

    Because plaintiff has not alleged that she filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over her claims for a refund of federal taxes.

    B.   *Plaintiff's Request for Injunctive Relief Is Barred by the Anti-Injunction Act*

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further tax collection activities. (Compl. ¶ 30C.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim. *See* 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case.  In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiffs to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiff alleges that the Internal Revenue Service acted improperly "in connection with the collection of Federal tax," but does not identify the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and her entitlement to relief.  Primarily, she merely expresses her dissatisfaction that the Internal Revenue Service is attempting to collect her unpaid taxes.2/

As for the second prong of *Enochs*, plaintiff has failed to demonstrate the existence of equitable jurisdiction.  Plaintiff must show that there is irreparable injury

---

2/  As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund.  *See Flora*, 362 U.S. at 177.

and inadequacy of legal remedies.  *See Foodservice & Lodging Institute*, 809 F.2d at 844-45; *Flynn* , 766 F.2d at 598.  In certain situations, plaintiff could temporarily forestall collection—the ultimate relief she requests—by requesting a "collection due process hearing" with the Internal Revenue Service.  *See* 26 U.S.C. § 6330.  Moreover, she can fully pay the taxes and *then* file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which plaintiff can obtain relief, there is no equitable jurisdiction.  Accordingly, plaintiff's complaint fails the second prong of the *Enochs* test as well.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception.  Thus, the Court should dismiss this case.

      C.   *This Court Lacks Subject-matter Jurisdiction over Plaintiff's Damages Claim*

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶ 7).  This Court does not have jurisdiction over plaintiff's section 7433 claim because she has failed to demonstrate that she filed an administrative claim for damages with the Internal Revenue Service.  As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code

(26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this

regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that she filed a written claim with the area director which complies with the requirements of the regulations. Instead, plaintiff asserts, relying on *Randolph-Sheppard Vendors of Am. v. Weinberger,* 795 F.2d 90 (D.C. Cir. 1986), that she falls within an "exception" to the requirement to exhaust administrative remedies. (Compl. ¶¶ 7, 11-14.) She asserts that the Internal Revenue Service has "articulated a clear position it is unwilling to reconsider." (*Ibid.*) Plaintiff fails to assert that she attempted to comply with the regulation by submitting a valid administrative claim, thus the Internal Revenue Service has not articulated a clear position that it will not consider any administrative claim for damages.

Plaintiff also asserts that the exhaustion requirement is nonjurisdictional. (Compl. ¶ 8.) The United States is aware that the court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) dismissed a complaint similar to this one for failure to state a claim, rather than for lack of subject-matter jurisdiction. The United States, however, continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in *Turner* relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any

attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United asserts that the failure to state a claim is jurisdictional.

Nevertheless, even if the Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiff's complaint for failure to state a claim for which relief can be given, as set forth in *Turner*.

## CONCLUSION

Because this Court lacks jurisdiction over her complaint (or in the alternative, plaintiff has failed to state a claim for which relief can be given), the complaint should be dismissed.

DATED: August 7, 2006.                              Respectfully submitted,


/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS COMPLAINT was filed in accordance with the Court's ECF system, and served on August 7, 2006, by sending a copy by first-class mail, postage prepaid, addressed as follows:

>Darlinda Stevens-Gibson
>Plaintiff *Pro Se*
>5105 NE 71st Street
>Vancover, WA 98661

>/s/ Pat S. Genis
>PAT S. GENIS, #446244