IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DARLINDA STEVENS-GIBSON ) | |
| ) | |
| Plaintiff, ) | No. 1:06-1045 (HHK) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's amended complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the amended complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATED: October 20, 2006.                              Respectfully submitted,

                                                                                /s/ Pat S. Genis
                                                                                PAT S. GENIS, #446244
                                                                                Trial Attorney, Tax Division
                                                                                U.S. Department of Justice
                                                                                P.O. Box 227
                                                                                Washington, DC 20044
                                                                                Phone/Fax: (202) 307-6390/514-6866
                                                                                Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

1864489.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DARLINDA STEVENS-GIBSON | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-1045 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS AMENDED COMPLAINT**

This is a civil action in which plaintiff seeks damages for alleged "wrongful collection" of federal taxes. Plaintiff also seeks "replevin of any and all property" and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."

QUESTIONS PRESENTED

Plaintiff's complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff. Plaintiff failed to establish that she properly exhausted administrative remedies. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Darlinda Stevens-Gibson, filed a complaint on September 5, 2006. Plaintiff's complaint alleged that she was not required to file an administrative claim because she fell within an exception to the exhaustion requirement.

1866114.1

Plaintiff filed her amended complaint on September 5, 2006.

    2. <u>Relief sought in the amended complaint</u>.  Plaintiff alleges that agents and employees of the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code.  (Am. Compl. Counts 1-41.)  Plaintiff seeks damages in the amount of "$10,000 per disregard."  (Am. Compl. Remedy Sought at 1.)  Plaintiff also seeks "replevin of any and all property" <u>1</u>/ and an injunction preventing United States employees from "further acting in disregard of law or regulation."<u>2</u>/  (Am. Compl.

---

    <u>1</u>/ Plaintiff's replevin action is in reality an action seeking a refund of federal taxes.  Because plaintiff fails to sufficiently allege that she filed an administrative claim for refund and fully paid the taxes owed, the Court lacks subject matter jurisdiction.  *See* 26 U.S.C. § 7422; *United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund).

    Alternatively, if the Court treats plaintiff's replevin action as a tort action, the Court still lacks subject matter jurisdiction.  *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991) (Hogan).  The United States has waived its immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of her employment.  *See FDIC v. Meyer*, 510 U.S. 471 (1994).  But the FTCA also excludes jurisdiction for claims based upon an act or omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax.  *See* 28 U.S.C. § 2680.  A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency.  *See McNeil v. United States,* 508 U.S. 106 (1993); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy*, 757 F.Supp. at 67-68.  Plaintiff does not sufficiently allege that she filed an administrative claim, thus the Court lacks subject matter jurisdiction over her replevin action.

    <u>2</u>/ Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

Remedy Sought at 2 & 4.)

## ARGUMENT

### I

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE AMENDED COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks damages. (Am. Compl. generally.) This Court does not have jurisdiction over plaintiff's section 7433 claim because she has failed to demonstrate that he filed a proper administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C.

§ 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See Holt v. Davidson*, --- F.Supp.2d ----, 2006 WL 2106961, * 3 (D.D.C. 2006) (Urbina); *McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).3/

---

3/   In *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), this Court dismissed a similar complaint for failure to state a claim holding that the failure to exhaust administrative remedies was not a jurisdictional defect. The United States understands the Court to have relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in reaching its conclusion. In *Arbaugh*, the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit, rather than a suit involving the United States. The United States respectfully asserts that this difference in parties is significant. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the

Here, plaintiff makes an unsupported conclusory statement that she filed a "Verified Administrative Claim for Damages with the Internal Revenue Service, Area 12, Area Director, Seattle,915 Second Avenue, Seattle, WA 98174." (Am. Compl. ¶ IV.) She did not attach a copy of the allegedly filed administrative claim. 4/ Given the circumstances of this case, *i.e.*, that plaintiff did not allege in her original complaint that she filed an administrative claim, her conclusory assertion is inadequate.

Assuming *arguendo* that plaintiff did file an administrative claim, there are still numerous problems with her amended complaint. First, because she failed to attach a copy

long-recognized
> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with statutory schemes of relief involving materially different parties. Therefore, the United States respectfully requests that the Court consider this difference and conclude that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction.

---

4/ The Court may consider matters outside the pleading without converting the matter to a motion for summary judgment when deciding whether it has subject matter jurisdiction. *C.f. McGuirl v. United States*, 360 F.Supp.2d 125, 127-28 (D.D.C. 2004) (citing *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

of the claim, it is unclear as to whether she included the required information.  Plaintiff is required to provide the following information: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2); *c.f. Evans v. United States*, 443 F.Supp.2d 17, 22-23 (D.D.C. 2006) (holding 26 C.F.R. § 301.7433-1 to be a reasonable interpretation entitled to deference); *Lohmann v. United States*, 2006 WL 1826770, *3 (D.D.C. 2006) (same); *Broward v. United States*, 2006 WL 1827733, *3 (D.D.C. 2006) (same); *Ting v. United States*, 2006 WL 1774516, * 2-3 (D.D.C. 2006).

Second, although she failed to state the date she allegedly filed her administrative claim, it is clear that plaintiff's suit is premature.  Taxpayers seeking damages for alleged wrongful collection of federal taxes must file an administrative claim prior to filing suit and must wait 6 months before commencing a suit in district court, unless the Secretary issues a ruling earlier.  26 C.F.R. § 301.7433-1(d).  Here, less than 6 months have elapsed since plaintiff filed her original compliant in June 2006 (making clear that she had noT filed an administrative claim) and her amended complaint filed in September 2006.  Thus, it is clear that plaintiff filed her administrative claim, if at all, *after* she filed suit in district court.  Nor, does plaintiff allege that the Secretary has acted on her administrative claim, thus allowing her to file suit before 6 months have elapsed.

Moreover, plaintiff's premature filing cannot be cured by the passage of time.  Plaintiff cannot file suit and then exhaust administrative remedies.  *See McNeil v. United*

1866114.1                                              -6-

*States*, 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted ⋯ unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous. We are not free to rewrite the statutory text.").5/

Because plaintiff failed to allege that she filed an administrative claim for damages *prior to filing suit*, the Court should dismiss the amended complaint.

### III.

### THE COURT DOES NOT HAVE JURISDICTION UNDER THE APA, 28 U.S.C. §§ 1331, THE ALL WRITS ACT, OR MANDAMUS FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff also asserts jurisdiction for her damages claim under the Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, the All Writs Act and mandamus. (*See* Am. Compl. ¶¶ II.A.2.-4., C.1.-3.) None of these statutes provides jurisdiction over actions concerning the assessment and/or collection of federal taxes. An action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *See Murphy v. Internal Revenue* Service, 460 F.3d 79, 82 (D.D.C. 2006); *Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuirl v. United States*, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished). Sovereign

---

5/    Also, plaintiff's failure to state when she allegedly filed her claim for refund raises another ground that the Court does not have jurisdiction over her amended complaint. It is unclear whether the statute of limitations has expired. Because taxpayers must file suit within two years of when the "cause of action accrues," the Court would lack jurisdiction if plaintiff failed to file her complaint within the two-year limitations period. *See* 26 U.S.C. § 6511(a); 26 C.F.R. § 301.7433-1(g).

immunity is not waived merely because the action may involve a federal question. *See, e.g., Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Section 1651 of Title 28 does not operate as a waiver of sovereign immunity. *See Benvenuti v. Dept. of Defense*, 587 F.Supp. 348 (D.D.C. 1984). Nor does 28 U.S.C. § 1361 operate as a waiver of sovereign immunity on its own.6/ *See, e.g., Washington Legal Foundation v. United States Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996) (citing other cases). Thus, the Court lacks subject matter jurisdiction and the amended complaint should be dismissed.

Plaintiff has failed to demonstrate a waiver of sovereign immunity thereby establishing the Court's jurisdiction over her section 7433 damages claim. Therefore, the Court should dismiss the amended complaint.

IV.

### THE COURT DOES NOT HAVE JURISDICTION UNDER THE FOIA OR THE PRIVACY ACT FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff also appears to assert that the Court has jurisdiction under the Freedom of

---

6/ Moreover, plaintiff fails to state a claim for which relief may be granted under 28 U.S.C. § 1361. A writ of mandamus may be issued only when plaintiff can show: (1) a clear right to the relief sought; (2) the officer has a clear duty to do the act that the plaintiff requests; and (3) no other adequate remedy is available. *Northern States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997); *Estate of Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999). Plaintiff clearly does not meet these requirements. For example, plaintiff has an adequate remedy at law. She can bring suit under 26 U.S.C. § 7433, which she has arguably pursued in this suit, to address her allegations of wrongful collection or she can bring suit under 26 U.S.C. § 7422 to address her prayer for a return of all property. In either situation, she first needs to exhaust administrative remedies.

1866114.1                    -8-

Information Act ("FOIA") and the Privacy Act.  (*See* Am. Compl. ¶¶ II.C.1.b.2-3.)7/  The FOIA provides limited relief to plaintiffs and limited jurisdiction to courts: a Court may "enjoin the agency from withholding agency records and . . . order the production of any agency records improperly withheld from the complainant."8/  Courts have explained that the "FOIA merely provides an avenue and a remedy for an individual to seek and obtain records of an administrative agency.  It does not provide a litigant with other [...] remedies against the United States."9/  Neither the FOIA nor the Privacy Act provide for damages for alleged wrongful collection actions.

Additionally, in a FOIA action and a Privacy Act action, the only proper defendants are federal departments and agencies.10/  Accordingly, the Court lacks personal jurisdiction over the United States and the amended complaint must be dismissed.

---

7/  5 U.S.C. § 552 (FOIA); 5 U.S.C. § 552a (Privacy Act).

8/  5 U.S.C. § 552(a)(4)(B); see also 5 U.S.C. § 552a(g)(3(A) (Privacy Act) ("[T]he court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him.")

9/  *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998).  This conclusion is further supported by the principle of sovereign immunity.  "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added).  In the case of FOIA and Privacy Act suits, Congress authorized suit against an *agency* and only provided for a limited form of relief.

10/  5 U.S.C. §552(f); 5 U.S.C. §552a(g)(1)(B); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citing *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.DC. 1990)).

CONCLUSION

     Because the Court lacks jurisdiction over her amended complaint, the amended complaint should be dismissed.

DATED: October 20, 2006.    Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT, supporting MEMORANDUM, and proposed ORDER were served upon plaintiff *pro se* on the 20th day of October, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Darlinda Stevens-Gibson
> Plaintiff *pro se*
> 5105 NE 71st Street
> Vancover, WA 98661

/s/ Pat S. Genis
PAT S. GENIS, #446244